In The Court of Criminal Appeals
of Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 05 2015

Abel Acosta, Clerk

No. WR-62,970-06

This document contains some
pages that are of poor quality
at the time of imaging.

In Re: Michael Dean Perry, Relator

Brief Memorandum of Law in Support of
Relators objection To The Courts Order

To The Honorable Justices of The Court of Criminal Appeals;

Comes now Michael Dean Perry, Relator, prose, and files This brief
Memorandum of Law in Support of his averments as Set forTh in his objection
To The Courts order on application for Writ of Mandamus, cause No.42,139-A
In The 188th District Court from Gregg County, Texas, and for good cause
Relator Would show The Honorable Court The following;

Texas Code of Criminal Procedures 2014

Art. 2.21 Duty of Clerks

(a) In a Criminal proceeding, a clerk of The district or County court
Shall:
(i) receive and file all papers

1.

(2) receive all "exhibits" at the conclusion of the proceeding;

(3) issue all process;

(6) perform all other duties imposed on the Clerk by law;

Relator avers that no where in these rules does it state that the Clerks duty is to require or permit a deputy to quote: handle the writ paper work, usually! (Emphasis Supplied) See; District Clerks response to Petitioners Writ of Mandamus page 4. To wit; A deputy in this office (Filling in for the vacationing deputy who "usually" handles the writ paper work) followed the District Courts order and returned the applications to Perry on either June 23 or 24, 2015. She did not keep copies of the writ applications, memorandum of law, or exhibits; did not note the date in the records (received?), but did attach the District Courts order. She did not attach the States' Motion to Reject and Return Petitioners Application for Writ of Habeas Corpus.

Art. Duties of District Attorneys

Each district attorney shall represent the state in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely. When any criminal proceeding is had before an examining court in his district or before a judge upon "habeas corpus", and he is notified of the same, and it is at the time within his district, he shall represent the state

2.

Therein, unless prevented by other official duties. It shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done. They shall not suppress facts or secrete witnesses capable of establishing the innocence of the accused.

See page 4. Clerks Response;

The assistant district attorney kept a copy of only one of the applications. She "discarded" the other 800 plus pages because she expected to see them again when Perry re-files his application.

First of all, the returned copy of the writ application provided by the clerk in response to the Court of Criminal appeals order is in fact missing the cover sheet. Thats because the stamp-date-file and deputies signature are "whited out". Relator in fact, has the original that the deputy returned to him in the damaged envelope.

Relator also included 70 exhibits with his writ application 11.07, and a list of Exhibits. Also Discarded.

All of these acts are criminal and in violation of the Penal Code.

See. 37.09 Tampering with or Fabricating Physical Evidence.

(a) A person commits an offense if, knowing that an investigation

3.

or official proceeding is pending or in progress, he or she;

(1) Alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding; or

(2) Makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding.

Sec. 37.10 Tampering with Governmental Record

(a) A person commits an offense if

(1) Knowingly makes a false entry in, or false alteration of, a governmental record;

(2) Makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record;

(3) Intentionally destroys (discards), conceals, removes, or otherwise impairs the verity, legibility, or availability of a governmental record.

Notwithstanding the fact that the District Attorney's Office and/or Tanya Reed, the assistant district attorney, discarded (destroyed) 800 plus records pertaining to Relators Writ of Habeas Corpus and Memorandum of Law, including 70 plus exhibits, in order to impair their verity,

4.

legibility, or availability, as evidence in the investigation of official proceeding, etc. Felonious Acts."

Its Not clear whom in the Clerks office and/or the Entity of Gregg County actually altered the dates on the Writ of Habeas Corpus by using white out, but they are all just as culpable. Relator retains the original whited out cover sheet of the Art. 11.07 Writ of Habeas Corpus to use as evidence at the Evidentiary Hearing.

The issue is not whether Relator will be able to somehow rewrite and/or reproduce the discarded records from his prison cell, the issue remains that Government Officials destroyed Relators Writ of Habeas Corpus and all of his evidence, with Malice aforethought. This tacity concedes that the Entity Gregg County also violated other sections of the Penal Code, to wit: (Zan Colson Brown?)

Sec. 39.02 Abuse of Official Capacity

(a) A public servant commits an offense if, with intent to obtain a benefit or with intent to harm or defraud another, he intentionally or knowingly

(1) Violates a law relating to the public servants office or employment, or

(2) Misuses government property, services, personnel, or any other thing of value belonging to the Government that has come into the public servants custody or possession by virtue of the public servants office or employment.

Sec. 39.03 Official Oppression

5.

(a) A public servant acting under color of his office or employment commits an offense if he:

(1) intentionally subjects another to mistreatment or to arrest, detention, search, seizure, dispossession, assessment, or lien that he knows is unlawful;

(2) intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power, or immunity, knowing his conduct is unlawful. (Right to Writ of Habeas Corpus)

Also see Section 39.04 Violations of the Civil Rights of Person in Custody.

Also see; State Bar Rules Rule 3.04 Fairness in Adjudicatory Proceedings; A lawyer shall Not.

(a) unlawfully obstruct another party's access to evidence in anticipation of a dispute unlawfully alter, destroy or conceal a document or other material that a competent lawyer would believe has potential or actual evidentiary value; or counsel or assist another person to do any such act

(b) Falsify evidence, counsel or assist a witness to testify falsely, or pay offer to pay, or acquiesce in the offer or payment of compensation to a witness or other entity, contingent upon the content of the testimony of the witness or outcome of the case

(1) habitually violate an established rule of procedure or of evidence

(2) state or allude to any matter that the lawyer does not reasonably believe is relevant to such proceedings or that will not be supported by admissible evidence, or assert a personal knowledge of facts in issue except when testifying as a witness

6.

(3) State a personal opinion as to the Justness of a cause, the Credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused, except that a lawyer may argue on his analysis of the evidence and other permissible considerations for any position or conclusion with respect to the matters stated herein.

(See: Texas Code of Criminal Procedures Art. 11.07 Writ of Habeas Corpus)
Chapter Eleven  Habeas Corpus

Art. 11.03 Want of Form
The Writ of habeas Corpus is not invalid, nor shall it be disobeyed for any Want of Form, if it substantially appear that it is issued by Competent authority, and the Writ sufficiently show the object of its issuance.

The States assistant district attorney, Zan Colson Brown, erroneously claims that Relator was in non compliance with item 6 on the form. That Each ground shall begin on a New page, and the recitation of facts supporting each ground shall be no longer than the two pages provided for the claim in the form.
First of all, Relator avers that the rules allow for the Petitioner to add as many grounds and facts in support thereof by adding additional pages to the form. And thats exactly what Relator did! 49 grounds with (2) two pages of facts supporting each ground!
Relator avers that Police and Prosecutorial Misconduct permeated the entire case! And the Prosecutorial Misconduct thus continued

7.

into his Writ of Habeas Corpus Appeal! Of course there are going to be multiple issues repeated in other grounds, how could they not be? The State and Police should have thought about that when they erroneously committed all those violations!

Look at Relators Appellates Brief, when his Court appointed attorney, Lew Dunn, repeated multiple issues and grouped several grounds together Whereas; These issues are grouped together and argued together for the sake of Judicial economy, and because they arise from a common factual basis! (Emphasis Supplied!)

Relator maintains that the Rules states that an Application for a Writ of habeas Corpus written by a pro se litigant should be liberally Construed to do substantial Justice; Criminal Law 997.11 Also see; U.S. V. Garth, 188 F.3d 99 (3rd Cir 1999) We have long recognized that a pro se petitioners pleadings should be liberally construed to do substantial Justice; Lewis V. Attorney General, 878 F2d 714, 721 (3rd Cir 1989); United States ex rel. Montgomery V. Brierley, 414 F2d 552, 555 (3rd Cir 1969); Also see Bledsoe V. Johnson 188 F3d 250 (5th Cir 1989) Bledsoe is a pro se petitioner, and in this Circuit pro se habeas petitions are construe liberally and are not held to the same stringent and vigorous standards as are pleadings filed by lawyers!

Art. 11.04 Construction

Every provision relating to the Writ of habeas Corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it.

8.

Relator avers and reiterates that the rules of Appellate Procedures and Code of Criminal Procedures Article 11.07 Sec. 3 (c) do not allow for an extension of time to process the Writ of habeas corpus. The legislators provided 15 days for the state to file a response, they did not grant the state the authority to reject the writ of habeas corpus on frivolous grounds. (c) Within 20 days of the expiration of the time in which the state is allowed to answer, it shall be the duty of the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement. If the court decides that there are no such issues, the Clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days shall constitute such a finding.

Relator avers that nowhere in the rules or statutes does it allow for the court to reject the application and then discard it. Oh, and discard the memorandum of law and all of the exhibits of two writ of habeas corpuses. And this, after the expiration of the 15 days, 20 days, and/or 35 day time limit by statute. Whereas, the Court of Criminal Appeals did not have the authority to grant the State court or District Clerk or Prosecutor a 30 day extension to respond to the courts order for failing to timely respond to the Writ of habeas corpus.

As according to the District Clerks response, she sent just one copy of the writ application to relator and the Court of Criminal

9.

Appeals without the other Writ application (Count II paragraph B) both Memorandum of Laws or any of the exhibits; 70 to be exact! Surely this Court is not going to decide Relators Appeal based solely on that single Writ Application? And without the front cover sheet that list all the rules and whited out date it was filed, along with which Count, I or II paragraph B? Or even the two 50 page Memorandum of Law and all of those exhibits? 70 to be exact! Relator avers that he should now be permitted to add several more grounds, now that his habeas corpus has not be processed due to the erroneous acts of the entity known as Gregg County Courthouse! Including denial of his right of Appeal! And Habeas Corpus!! Relator avers that due to the erroneous acts of the Prosecutor and the District Clerk, and including the unnamed deputies, with the mishandling of his Writ of habeas corpus and evidence. That he should not be required to submit any more of his documents via the U.S. Postal Service, and that should he only be required to produce said documents at an Evidentiary Hearing! Relator further avers that it is now going on (5) five months since he filed his Writ of habeas Corpus, woefully exceeding the time limits authorized by statute! Relator will be contacting the Office of Public Integrity of Travis County Special Prosecution, 1300 Guadalupe St. Austin, Tx 78701, For possible action if he doesn't recieve a Timely and Fair resolution of his habeas Corpus!

<u>Prayer</u>

Relator prays that this Memorandum of Law be included in the record of this Case!

Respectfully Submitted,

Michael Don Perry

Relator October 1, 2015

## Unsworn Declaration

I, Michael Dean Perry, TDCJ No. 1838827 being presently incarcerated in the Texas Department of Criminal Justice at the Ellis Unit, 1697 Fm 980, Huntsville, Tx 77343 Declare under penalty of perjury that the above and foregoing is True and Correct

Executed on this the 1st day of October, 2015

By the Relator x Michael Dean Perry TDCJ No. 1838827

## Certificate of Service

I, Michael Dean Perry, TDCJ No. 1838827 do hereby certify that a true and correct copy of the above and foregoing Memorandum of Law, unsworn declaration, and Certificate of Service have been served by placing same in the U.S. Mail, First Class postage prepaid on this the 1st day of October, 2015.

By the Relator x Michael Dean Perry TDCJ No. 1838827

Return Service Requested: Michael Dean Perry TDCJ No. 1838827
Ellis Unit
1697 Fm 980
Huntsville, Tx 77343

Please Publish!

AKA Panama Writ Writer